United States District Court
Southern District of Texas
**ENTERED**
January 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MUHARIB INVESTMENT GROUP,** § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-4609 |
| § | |
| **KEVIN STARKS,** § | |
| § | |
| Defendant. § | |
| § | |

## MEMORANDUM & ORDER

Before the Court is Plaintiff Muharib Investment Group's Motion for Remand and Request for Fees and Expenses (ECF No. 2). Plaintiff first initiated an eviction action against Defendant Kevin Starks in state court. On the eve of trial, Defendant, proceeding *pro se*, filed a Notice of Removal, claiming that this Court has federal question jurisdiction because "the face of Defendants' pleadings assert causes of action against Plaintiffs for alleged violations of both the Due Process Clause of the 14th Amendment and the Takings Clause of the 5th Amendment to the United States Constitution." Def.'s Notice of Removal 3–4, ECF No. 1.

Defendant's jurisdictional arguments fail for two reasons. First, federal question jurisdiction cannot be based on a counterclaim. *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 695–97 (5th Cir. 2017). Second, even if Defendant's counterclaims could support federal question jurisdiction, the constitutional provisions Defendant invokes are inapplicable in this suit, as Plaintiff is a private party, not a state or governmental actor. *See Simi Inv. Co. v. Harris Cnty., Tex.*, 236 F.3d 240, 248 (5th Cir. 2000); *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 236 (5th Cir. 2022), *cert. denied sub nom. Douglass v. Kaisha*, 143 S. Ct. 1021, 215 L. Ed. 2d 188 (2023).

1

As such, Court lacks subject matter jurisdiction under 28 U.S.C. § 1331. The Court similarly lacks jurisdiction under 28 U.S.C. § 1332, as the parties are both citizens of Texas. *See* ECF No. 1-1; *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (explaining that there is no diversity jurisdiction if plaintiff shares the same citizenship as defendant). Remand is therefore proper.

Where, as here, a district court remands an action that was improperly removed, 28 U.S.C. § 1447(c) provides that the court "may require payment of just costs and actual expenses, including attorney fees" incurred as a result of removal. Courts in this circuit tend to award such costs and fees only if the removal was objectively unreasonable. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292–93 (5th Cir. 2000). That is plainly the case here. *Cf. Renegade Swish*, 857 F.3d at 699–701 (holding that removal based only on allegations that a federal law counterclaim supported federal question jurisdiction was objectively unreasonable). Plaintiff is therefore entitled to some award of attorney fees and costs.

Plaintiff requests $4,250.00 in attorney fees and costs incurred from Defendant's improper removal. In exercising their discretion over § 1447(c) fee awards, courts in sister circuits have considered litigants' *pro se* status, and have, in many cases, imposed fee awards that are far lower than the actual expenses and costs incurred. *See Ebert v. Herwick*, 675 Fed. Appx. 863, 865–66 (10th Cir. 2017) (affirming district court's award of $200, a sum less than actual expenses and costs incurred by landlord in filing motion to remand, in light of tenants' *pro se* status); *In re Marriage of King v. Ziegler*, No. 04-4158-SAC, 2004 WL 3037968, at *2 n.1 (D. Kan. Dec. 16, 2004), *aff'd in part, appeal dismissed in part sub nom. King v. Ziegler*, 138 F. App'x 60 (10th Cir. 2005) (same); *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (ordering *pro se* litigant to pay $500 in expenses and costs, determining that amount was "less than the actual

expenses and costs incurred . . . in challenging federal jurisdiction" but that it was "fair and reasonable"); Ins. Co. of State of Pa. v. Waterfield, 371 F. Supp. 2d 146, 151 (D. Conn. 2005) (explaining in its § 1447(c) analysis that "Defendant is *pro se*, and therefore he is to be granted certain allowances").

Following the lead of sister circuits, the Court imposes an award of attorney fees and expenses in the amount of $200. Such an award will serve the statutory goal of deterring improper removal, while remaining fair and reasonable given Defendant's *pro se* status.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 2) and **REMANDS** the case to the County Court of Law No. 6, Fort Bend County, Texas, effective January 17, 2024.

The Court **ORDERS** Defendant to pay $200 to Plaintiff, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, this the 17th day of January, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE